STATE *ex rel.* BOARD OF PUBLIC INSTRUCTION, Dade County,
v. HAYES WOOD, as Tax Collector for Dade County,

191 So. 837
Division B
Opinion Filed October 6, 1929
On Petition for Rehearing, November 7, 1939

*John J. Lindsey,* for Plaintiff in Error;
*Melbourne L. Martin,* for Defendant in Error.

CHAPMAN, J.—The record discloses that on the 30th day of July, 1938, an alternative writ of mandamus issued out of the Circuit Court of Dade County, Florida, on the petition of the State of Florida *ex rel.* The Board of Public Instruction of Dade County, Florida, against Hayes Wood, as Tax Collector of Dade County, Florida, whereby, in substance, it was made to appear by the terms of the alternative writ that the respondent, as Tax Collector for Dade County, had collected taxes lawfully levied for the special tax school districts of said county on tax sales held on June 6, 1938, and had failed to deposit the proceeds of the collections so made in the county depository as provided for by Section 471 C. G. L. That respondent had made deposits in the county treasury, but, contrary to the provisions of Section 1033 C. G. L., made certain deductions therefrom in the form of commissions claimed or asserted to then be due the respondent on previous collections and the deductions as made had not been audited and allowed by the Board of Public Instruction of Dade County, Florida, and ordered paid to the respondent as required by law.

The respondent's return to the alternative writ admitted many of the material allegations thereof, and as a reason for not paying the moneys collected prior to deducting certain commissions then due him made known to the court that the provisions of Section 1033 C. G. L. had been fully complied with by the parties to this suit for a considerable time prior to January 1, 1938. That the respondent during each of the months of January, February, March, April, May and June, 1938, collected moneys due the relator and deposited

the same in the proper depository and sent relator monthly statements of the sums so deposited, together with statements of the amount of commissions due the respondent therefor by the relator. When the relator omitted, failed and neglected to pay the commissions due in the total sum of $9,948,43 for the months of January to June, 1938, inclusive, although often requested so to do by the respondent, the relator filed the suit at bar. Relator through counsel filed a motion for the entry of a peremptory writ of mandamus after the filing of the answer or return of ·the respondent, and on the 7th day of October, 1938, the lower court entered a final judgment denying the peremptory writ, quashing the alternative writ previously issued and dismissing the petition. Relator sued out writ of error and perfected an appeal to this Court and the denial of the peremptory writ and dismissal of the cause are assigned as error in this Court.

Counsel for relator points out that Sub-section 17 of Section 13 of Chapter 17747, Acts of 1937, Laws of Florida, makes it the duty of the Tax Collector of Dade County, Florida, to collect the amount assessed and when collected he shall pay the money so collected *monthly* into the county depository. Likewise, Section 471 C. G. L. makes it the duty of every State and county officer when receiving funds collected through his office to promptly pay the same into the county treasury, and it also provides that when moneys are collected by officers and they fail or refuse to pay or deposit the same within thirty days after receiving payment thereof, they shall not be entitled to receive their commissions or compensation for collecting the same. Section 7461 C. G. L. makes it a crime to violate the provisions of Section 471, *supra.* Section 1033 C. G. L. makes it the official duty of the county board of public instruction to audit the

collections of taxes of special tax school districts as made by tax collectors and allow or approve the amount of their commissions therefor. See Chapter 17876, Acts of 1937, Laws of Florida. The law governing or controlling the official duties of a tax collector and a board of public instruction with reference to the handling of moneys arising from special tax school districts is correctly stated by counsel for relator.

The issuance of a writ of mandamus at the common law is not a matter of course, but is in the nature of a prerogative writ, the issuance thereof being to a certain degree a matter of judicial discretion. The granting or withholding of the writ by the court and the exercise of its discretion is subject to the well settled principles which have been established by the courts. See State v. Bateman, 131 Fla. 625, 180 So. 22; State *ex rel.* Durrance v. City of Homestead, 125 Fla. 105, 169 So. 593; State *ex rel.* Elston Bank & Trust Co. v. Sholtz, 122 Fla. 333, 165 So. 670; State *ex rel.* Long v. Carey, 121 Fla. 515, 164 So. 199; State *ex rel.* Klemm v. Baskin, 111 Fla. 667, 150 So. 517; Mears v. State, 81 Fla. 32, 87 So. 80; Welch v. State, 85 Fla. 264, 95 So. 751. See also Tampa Water Works v. State, 77 Fla. 705, 82 So. 230; County Comm'rs. v. Jacksonville, 36 Fla. 196, 18 So. 339, 29 L. R. A. 416; City of Safety Harbor v. State, 136 Fla. 636, 187 So. 173.

While it is the duty of the tax collector under the law to pay the money monthly collected by him into the county depository, it is likewise the corresponding duty of the board of public instruction to audit the collection of taxes as made by the tax collector of the taxes of the special tax school district and to approve and allow his commissions for the collections. We have not had cited authorities to sustain the action of the respondent in withholding the

commissions of the tax collector for the collections from January to June, 1938, inclusive, on moneys collected by him and to the payment of which he was lawfully entitled. It is possible that the lower court, in the exercise of his discretion, refused to issue the peremptory writ for this very reason. The burden is on the relator to show an abuse of discretion on the part of the lower court. See Tampa Waterworks Co. v. State, 77 Fla. 705, 82 So. 230. The refusal of a peremptory writ of mandamus in the exercise of discretion will not generally be disturbed. See State ex rel. Aldrich v. Mitchell, 108 Fla. 233, 146 So. 207.

In an appellate proceeding when reviewing mandamus on writ of error, this Court will indulge the legal presumption in favor of the correctness of the ruling of the lower court. See State ex rel. Globe & Rutgers Ins. Co. v. Cornelius, 100 Fla. 292, 129 So. 752. We have carefully considered the entire record, examined the authorities cited and heard able argument at the bar of this Court but fail to find reversible error.

The judgment appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

THOMAS, J., dissents.

Justices TERRELL and BUFORD not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

## ON REHEARING

PER CURIAM.—In this case petition for rehearing was filed on October 20, 1939, pursuant to the filing of an opinion and judgment herein on October 6.

The opinion shows upon its face that it was written by Mr. Justice CHAPMAN and concurred in by Justices WHITFIELD and BROWN, and was dissented to by Justice THOMAS

and that Mr. Chief Justice TERRELL and Mr. Justice BUFORD did not participate. The opinion was inadvertently filed in that condition. Rule 21-A of this Court had not been followed.

The petition for rehearing included ground Three, as follows:

"3. It is submitted that though under the divided Court rule the judgment of the lower court may be affirmed by the opinion and judgment of three Justices of our Supreme Court, yet it is not made to appear that the opinion and judgment sought to be reheard has been considered and rendered in conformity with Rule 21-A of the Supreme Court of Florida; it appears affirmatively that the Justice of Division A of the Court to whom the opinion and judgment and record has been submitted did dissent, but nothing else required by said Rule 21-A appears to have been done."

And upon that ground the rehearing was granted.

The opinion as written has now been considered by each of the Justices of this Court and has been concurred in by a majority. Therefore, it stands as filed as of this date.

So ordered.

TERRELL, C. J., WHITFIELD, BROWN, BUFORD, CHAPMAN and THOMAS, J. J., concur.