W. E. FORBES, Appellant,

v.

CITY OF HOUSTON et al., Appellees.

No. 13928.

Court of Civil Appeals of Texas.

Houston.

April 19, 1962.

Rehearing Denied May 10, 1962.

Eastham, Williams & Meyer, Willard C. Williams, Thomas W. Moore, Jr., Houston, for appellant.

R. H. Burks, City Atty., Homer T. Bouldin, Senior Asst. City Atty., Houston, for appellees.

WERLEIN, Justice.

Appellant brought this suit for a writ of mandamus against the Mayor and City Council of the City of Houston to compel certain action pursuant to City Ordinance No. 60911, dated December 21, 1960. The case was tried before the court without a jury. From the judgment of the court denying the application for mandamus, appellant appeals.

The title of the ordinance in question reads as follows:

"An ordinance evidencing the intent of the City Council to conduct an investigation with reference to closing, vacating and abandoning Bordley Drive and Crestbend Drive at their intersection with the West City Limit Line of the City of Houston from and after Thirty (30) working days from December 14, 1960, and declaring an emergency."

Said ordinance recites in substance, among other things, that Briargrove Park Addition was subdivided and platted adjacent to and west of Rivercrest Addition in such design and pattern that all the traffic to and through Briargrove Park Addition is routed through Rivercrest Addition, thereby creating traffic hazards, defects and unsafe places in the streets in Rivercrest, and a threat and danger to the well-being of residents therein; and that the developers of Briargrove have assured the City Council that within thirty working days from and after December 14, 1960, they will have constructed streets from Westheimer Road into and through Briargrove. Following such recitations the City Council ordained in substance: (1) that in the event said conditions are not remedied the City Council may hereafter determine that certain portions of Bordley Drive and Crestbend Drive shall be permanently closed and abandoned, (2) that the City has received the promise from the owners and developers of Briargrove that said conditions will be remedied within thirty working days from De-

cember 14, 1960 by construction of streets leading into Briargrove from Westheimer Road, and Section 3, which reads as follows:

"The City Council finds and determines that at the end of thirty (30) working days from and after December 14, 1960, an investigation shall be made by them and if deemed advisable by them an investigation shall also be made by the Director of Public Works, the Director of Traffic and Transportation the Chief of Police and the Director of City Planning, in which event the said Directors shall make a written report to the Council, and at such time the Council shall determine whether or not Bordley Drive and Crestbend Drive will be permanently closed, vacated and abandoned at their intersections with the West City Limit Line of the City of Houston."

It is appellant's contention that said Section 3 of the ordinance places a clear and precise duty on the City Council of the City of Houston to make an investigation called for at the end of thirty working days from and after December 14, 1960, and to determine at the expiration of said period whether or not the two streets in question are to be permanently closed, vacated and abandoned by the City of Houston at their intersections with the west city limit line of the City. Appellee, on the other hand, contends that mandamus will not lie to compel compliance with said provisions of the ordinance because the action sought to be compelled is a legislative and governmental function within the police power of the City Council, and also because no contention is made that the Mayor and City Council have acted fraudulently, arbitrarily or capriciously relative to the investigation and determination as to whether said streets should be closed.

Appellant asserts that while mandamus cannot be used to direct the exercise of official discretion in any certain manner, it will issue to compel the exercise of discre-

tion where there has been a refusal to act at all. Carnes v. Cunningham, Tex.Civ. App.1961, 350 S.W.2d 59. In Parrish v. Wright, Tex.Civ.App., 293 S.W. 659, the court held that the city could be mandamused to pass an ordinance regulating the plumbing business and appointing a board of plumbing inspectors pursuant to a state statute. See also Ferris, Extraordinary Legal Remedies, §§ 206, 207; and Yokley, Municipal Corporations, Vol. 4, p. 16, § 594, where it is stated: "However, where by force of statute a mandate is placed on a municipal council to take certain action and the council refuses to do so, its action may become subject to mandamus since no discretionary prerogatives are involved."

■■ It is our view that the instant case is distinguishable from the case of Parrish v. Wright, supra, where a mandate was imposed upon the City by state law, and that it does not come within the rule of law enunciated by Yokley. In order for an action of the city council to be subject to mandamus, the act must be a ministerial act or, if discretionary, there must have been a clear case of abuse of discretion. Stone v. City of Wylie, Tex.Com.App.1931, 34 S.W.2d 842. "An act is said to be ministerial where the law clearly spells out the duty to be performed by an official and does so with such certainty that nothing is left to the exercise of discretion or judgment." Yokley, Municipal Corporations, Vol. 4, p. 4, § 593(b); 55 C.J.S. Mandamus § 63, p. 100, and authorities cited.

■ The ordinance in question, which must be considered as a whole, does not impose upon the City a clear and precise ministerial duty as asserted by appellant. The title of the ordinance clearly shows that it is an ordinance merely evidencing the intent of the City Council to conduct an investigation at some indefinite time after December 14, 1960. Section 1 of the ordinance ordains that "in the event said conditions are not remedied, the Council *may hereafter determine* that portions of said

streets shall be closed." (Emphasis supplied.) Section 3 of the ordinance does not state what kind of an investigation shall be made, or the nature or extent thereof, or how and in what manner it will be made. Much is left to the exercise of discretion and judgment on the part of the Council, and for such reason the act is not to be deemed merely ministerial. 55 C.J.S. Mandamus, § 63, p. 101. It also ordains that if deemed advisable an investigation shall also be made by certain Directors and the Chief of Police. It is manifest that the Council did not deem it advisable for such directors to make an investigation since none was made.

■ The ordinance in question was passed by the City Council in the exercise of its legislative powers as an expression of intent with respect to the performance of future acts by the City Council. The Council could repeal it at any time in the exercise of its discretion and legislative powers, and its rescission would render the issuance of a writ of mandamus useless and unavailing. Holcombe v. Fowler, 118 Tex. 42, 9 S.W.2d 1028.

■ Any investigation that the City might be mandamused to make would be inseparably tied into the determination by the City as to whether said streets should be closed or kept open. Such determination by the City would clearly be a legislative act on its part in the exercise of its discretionary and governmental powers, expressed or enacted in a resolution or ordinance, which would close or keep open such streets. The law is well settled that the decision or determination of the City as to the closing or vacating of streets is a governmental function within the police power of the city council not ordinarily subject to mandamus since the city is given wide powers in connection with such matter. Art. 1175, subd. 18, Vernon's Annotated Texas Statutes; Sec. 4 of Article II, p. 7, 1958 Charter of the City of Houston.

■ The city council, when acting upon subjects over which it has the power to legislate, is an independent lawmaking body and ordinarily cannot be interfered with in the absence of arbitrary, capricious or unreasonable action on its part. There is no pleading or evidence that the City, in failing to make such investigation and determination, was acting arbitrarily or unreasonably. Houston Electric Co. v. Mayor and City Council of City of Houston, Tex. Civ.App., 212 S.W. 198, error dism., and authorities cited; Stone v. City of Wylie, supra; 16 C.J.S. Constitutional Law § 151 (1), pp. 723, 724; 28 Am.Jur., p. 672, Injunctions, §§ 169, 170; 39 Tex.Jur., p. 533, Streets, § 18, and cases cited.

■ We think appellant has failed to show a clear legal right to the relief sought, and that the trial court properly refused to grant the writ of mandamus. If appellant suffers damage to his property in the future, it will result only from the decision of the City not to close and abandon the streets in question, and such decision would clearly be within the discretion and legislative powers of the City. Wortham v. Walker, 1939, 133 Tex. 255, 128 S.W.2d 1138; Stanford v. Butler, 1944, 142 Tex. 692, 181 S.W.2d 269; High's Extraordinary Legal Remedies, 2nd Ed., § 9, pp. 12, 13; 55 C.J.S. Mandamus, § 325, pp. 560–563. It may also be observed that appellate courts are reluctant to disturb the discretion exercised by a lower court in granting or refusing the award of a writ of mandamus. In re Hart, 159 N.Y. 278, 54 N.E. 44; City of Sioux Falls v. Sioux Falls Traction System, 1928, 53 S.D. 471, 221 N.W. 84; State ex rel. Board of Public Inst. for Dade County v. Wood, 1938, 140 Fla. 176, 191 So. 837.

Judgment affirmed.