77,853-02 RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 2 8 2015

Abel Acosta, Clerk

IN THE COURT OF CRIMINAL APPEALS

ATSTIN, TEXAS

Ex parte

Aaron Merchell Reed

IN THE 29th JUDICIAL

DISTRICT COURT FOR

DALLAS COUNTY, TEXAS

APPLICANT'S REQUEST FOR THE COURT UPON

ITS OWN MOTION TO RECONSIDER EN BANC

DE NOVO / ALSO PUTTING THE COURT ON NOTICE

OF INTENT TO FILE A WRIT OF MANDAMUS IF DENIED.

TO THE HONORABLE JUSTICES:

Comes now, Aaron Merchell Reed, ex parte: respectfully requesting this Honorable court ot initiate upon its own motion a de novo, en banc, reconsideration hearing on the per curiam order filed with this court in style ex parte Aaron Merchell Reed application No. WR 77,853-02 on October 14, 2015 shown in a attached appendix 1, for the following reasons:

In the State's order designating issues shown in attached exhibit 2, the state issued an order asserting that the following issues was controverted, previously unresolved facts:

(1) Did Applicant's trial counsel, Kenneth Onyenah, render ineffective assistance of counsel by failing to object to the court setting punsihment, misinforming Applicant as to his eligibility for community supervision advising Applicant not to take the State's plea bargain offer/or failing to provide a legal basis for his objections at trial?

(2) Did Applicant's counsel on appeal, Renie McClellan render ineffective assistance of counsel by failing to inform Applicant of the outcome of Applicant's appeal, which Applicant points out under style Reedv. State No. 05-00-01726-CR affirmed on October 12, 2001. On July 24, 2013 the State in style ex parte Reed issued yet another order as shown in attached exhibit 3, seeking an affidavit from Applicant's trial counsel Kenneth Chuks Onyenah addressing the following issues

(1) Why the court was allowed to assess the punisment in Applicant's case after you had requested pretrial that the jury set the punishment:

(2) What if any, discussions took place between you and the Applicant regarding whether the court or the jury would assess his punishment.

(3) What if any, discussions took place between you and Applicant and what, if any advice

(1)

you gave the Applicant regarding he ability of the court to impose a probationary sentence in this case. (4) When if ever, and by what methos, if any, she notified Aaron Meachell Reed of the decision of the Dallas Court of Appeals on or about 12, 2001 in Reed v. State No. 05-00-01726.

Trial counsel Kenneth Onyenah submitted his affidavit on or about August 24, 2013 in style ex parte Aaron Merchell Reed as shown in attached 4, asserting the following: that the court has ordered him to submit affidavit addresing the underlined issue. (1) Why the court was allowed to assert the punishment in the Applicant's case after you had requested pre-trial that the jury set the punshment. (2) What if any, discussions took place between you and the Applicant regarding whether the court or the jury would assess his punishment: (3) What if any, discussions took place between you and the Applicant and what, if any, advice you gave the Applicant regarding the ability of the court to impose a probationary sentence in this case (at 2) in style ex parte Aaron Meachell Reed.

Counsel Kenneth Onyenah in response to issue (1) asserted; It was Defendant's choice to have the judge sentence him. After the jury returned a verdict the judge asked if we were ready for sentencing and Defendant opted for judge to sentence him. I advised him we had filed an option for the jury to access punish,ent if they returned a guilty verdict. He desired to change the option and elected for the judge to sentence him.
(2) In response to Applicant's 2nd issue, counsel Onyenah alleges that he couldn't remember exactly what we discussed but I typically would advise clients that jury will have to return a unanimous verdict in the sentence phase and they may have a difference in opinion as to punsihment, however, with the judge it is just one person.
(3) In response to Applicant's 3rd issue counsel Onyenah stated that he told Defendant that he was not eligible for probation because he had a been convicted of a felony prior to this case that was a final conviction. I told him both the judge and the jury cannot give him probation. The State made him offer of jail time and he rejected it against my advice.

Applicant further points out that the State's finding of fact and conclusion of law on application for writ of Habeas Corpus under writ No. W00-00199-U(A) style ex parte Meachell Reed, acknowledge under issues raised by Applicant consisted of the following: (1) Applicant claims juror Medders should have been struck for cause failed to strike juror Medders
(2) Applicant claims that his trial counsel was ineffective because he failed to object to strike juror Medders (b) did not object to Applicant being sentenced by the trial judge

(2)

despite having filed a pretrial motion requesting jury sentencing: (c)incorrectly told Applicant he was eligible for probation if convicted and recommend that Applicant not accept a two year imprisonment plea offer, and (d) failed to make evidentiary object with specificity during trial.

(3) Applicant claims Appellate Counsel was ineffective for failing to inform Applicant that his conviction was affirmed by the Court of Appeals so that he could file a petition for discretionary review which states, the primary objective of voir dire is to assemble a competent, fair, impartial and unprejudiced jury to judge the facts of the case. Staley v. State 877 S.W.2d. 885, 896-97 (Tex. Crim. App. 1994) cert. denied 514 U.S. 1020, 131, L.Ed. 222, 115 Sct. 1360 (1995). Accordingly the Tex. Code of Crim. Proc. art. 35.16 allows either side to challenge a juror for cause when the challenging side can show the juror is incapable or unfit to serve on the jury. Also it has already been determined that a limited number of constitutional violations still requre the grant of habeas corpus relief without a showing of harm, such as the failure to provide counsel or a biased fact finder. Such errors are structual, because the violation affects the framework in which the trial take place and defies analysis by harmless error standard ex parte Fierro 934 S.W.2d. 370, 374 (Tex. Crim. App. 1996). Therefore Applicant asserts that a de novo review of this claim is necessary, because the State Court in it facts and findings in style ex parte Reed has failed to make a final disposition or facts and finding as to why Applicant claim that juror Medder should have been challenged for cause, as required in ex parte Torres 943 S.W.2d. 469, 474 (Tex. Crim. App. 1997).

(3) A de novo review should be afforded to Applicant in regards to Applicant's contention that he was denied effective assistance of counsel on appeal due to appellate counsel's failure to inform Applicant of the outcome of his appeal, which the State in its findings of facts as shown in Applicant's attached exhibit _S_ , found: (1) Applicant and his wife allege that Applicant's appellate counsel, Renie McClellan failed to inform Applicant that his direct appeal was denied by the Dallas Court of Appeals (2) McClellan filed an affidavit stating that she had no independent recollection of representing Mr. Reed, although she had procedures in place for notifying clients regarding the disposition of their appeals. Nevertheless McClellan admits that she is unable to absolutely confirm "that she notified Applicant about the appellate decision. Also given that Applicant's wife has filed a detailed affidavit explaining her futile attempts to contact McClellan and McClellan's lack of a specific memory regarding whether she informed Applicant of the denial of his direct appeal by the Dallas Court of Appeal the court also recommended that of an abundance of caution that Applicant be granted the opportunity to file an out of time petition for discretionary review with the Court of Criminal Appeals from the

denial of his appeal by the Dallas Court of Appeal. The court also asserted that he app-
ellate decision occured in 2001 and Applicant did not file his application until 2012.
McClellan's lack of memory is not suprising. Nevertheless, the State has not pleaded the
affirmative defense of Laches and therefore, the court considered the defense waived.
see Ragsdale v. ragsdale 520 S.W.2d. 839, 844 (Tex. App. - Ft. Worth 1975). Laches is
an affirmative defense which must be pleaded by the party asserting it): Smith v. Secre-
tary of New Mexico Dept. of Corrections 50 F.3d. 801: 30 (10 Cir. 1995). Holding that
Laches is an affirmative defense that must be asserted by the prosecution in Post-Conviction
cases. However the Texas Court of Criminal Appeals rejected the State Court findings in
the light of ex parte Crow asserting that Applicant has waited over (12) years ot file
his writ of Habeas Corpus, and who's to say Applicant would have filed a P.D.R.

Applicant asserts that a de novo review is necessary to determine if the T.C.C.A. ass-
erting Laches in the light of ex parte Crow as shown in attached exhibit __1__ despite
the State Court in it findings of facts and conclusion of law (at 5) shown in attached
exhibit __5__ which found that the affidavit of Applicant's wife to be true and counsel's
actions to be deficient was arbitrary to the State asserting that they acknowledge waiving
such affirmative Laches defense in the light of Smith v. secretary of New Mexico Dept.
of Corrections 50 F.3d. 801, 821, 30 (10 Cir. 1995). Also to determine whether the T.C.C.A.
denial was contrary to ex parte Reed 271 S.W.3d. 698, because hte trial court findings
of facts and conclusinos of law in realation to this ground is supported by the rocord.

### ARGUMENT OF SENTENCING BY COURT RATHER THAN JURY

Applicant also points out that his argument in reference to being sentenced by the
court  instead of his ellection to be sentence by the jury. The State Court in its finding
of facts which asserted at 2-3 shown in attached exhibit __5__. That Applicant alleged
that he elected to be sentence by a jury as reflected in his trial attorney's Ominibus
pretrial motion. Howver counsel Kenneth Onyenah in his affidavit claimed that Applicant
changed his mind after the jury returned its verdict, nevertheless, it was clear during
voir dire that if Applicant was convicted, he would be sentenced by the trial judge. See
trial TR. at [1-10(trial court informed jury that after its finding on guilt-innocence
its responsibility in the case will come to an end.)] Likewise, the jury venire was not
questioned regarding the range of punishment in the case and Applicant made no objections
therefore in the light of Brezeale v. State 683 S.W.2d. 446 (Tex. Crim. App.) which the
court of Criminal Appeals held that in the absence of an affirmative showing that no
waiver of jury trial was executed, the court written citation of a jury waiver by a

defendant will be presumed to be correct, which Applicnat asserts that this error should be entitled to a de novo reconsideration because controverted issues surrounds the State Court findings of fats and such adopting of such would be contrary and unreasonable in the light of ex parte Adams 768 S.W.2d. 281 (Tex. Cr. App. 1989) and Sterry v. State 959 S.W.2d. 249, 257-258 (Tex. App. - Dall. 1977) due to the fact that the State Court findings of facts at 2-3 shown in attached exhibit __5__, failed ot overcome Applicant's selection to be sentenced by a jury, nor does the record support a request, or granting by the court of any change in reference to a election for punishment or that Applicant waived this due process right.

In relation with the plea offer/probation eligibility the State Court finding of facts consisted of an affidavit from both Applicant and his wife asserting that counsel Onyenah informed Applicant that he was eligible for probation and also recommended that he not take the State's two year plea offer. Counsel Onyenah in his affidavit denied both Applicant and his wife's allegations and asserted that Applicant rejected the two year plea offer against his advice, which the record on habeas review supported shown (at Tr. at II 7-8). Also there was no sworn motion filed for probation, and counsel denied allegation in his affidavit that he inform Applicant that he was eligible for probation. See attached exhibit __4__.

The Texas Court of Criminal Appeals in its October 14, 2015 stated that Apppicant contends that he was deprived of an opportunity to file a petition for discretionary review (P.D.R.) due to the ineffective assistance of his appellate counsel. Counsel has filed an affidavit stating that due to Applicant's delay in raising this claim, she has no independant recollection of Applicant's case. The trial court recommends relief in the form of an out-of-time P.D.R. We disagree.

The Applicant has waited almost eleven years to raise this out-of-time P.D.R. claim based upon an allegation of ineffective assistance of counsel. In ex parte Crow, we opined:

The question then becomes whether counsel's conduct caused the deprivation. In the P.D.R. context, satisfying that showing entails (1) demonstrating that the Appellant was entitled to be in the appellate process, and (2) Absent counsel's conduct, the appellant would have timely filed a P.D.R. When the appellant has no right to appeal, he can hardly be in position to complain about he denial of a P.D.R. In that circumstance, there should have been no occasion to file a P.D.R. because appeal itself was unauthorized. Likewise, when an appellant would not have filed a P.D.R. anyway, even if he has been notified in compliance with Wilson, then her attorney's action connot be said to have caused the deprivation citing ex parte Crow.

Given Applicant's extreme delay in raising this claim, we find he has not shown that, absent any allegedly deficient conduct on the part of counsel, he would have timely filed a P.D.R. Relief is denied.

All of the Applicant's otehr grounds for relief are denied.

Applicant argues that the T.C.C.A. October 14, 2015 order shown in attached exhibit \_, asserting that Applicant has no right to appeal is contrary to Douglas v. California 83 Sct. 814 (1963). Also the determination as to whether or not appellate would have filed a (P.D.R.) is also contrary to ex parte Lemke 13 S.W.3d. 791, 793 (Tex. Crim. App. 2000) and Maples v. Thomas 132 Sct. 912 (2012) in determining whether or not Applicant should be granted an out of time. In light of Jarrett 891 S.W.2d. at 939 which assert that, if appellate counsel's action or inaction denies an appellant his opportunity to prepare and file a petition for discretionary review, that defendant has been denied his Sixth Amendment right to effective assistance fo counsel.

Applicant further asserts that he submitted facts supporting the contention that he was provided erroneous advice about being eligible for probation as shwon at RR. vol. 2:6) and also attached exhibit 6 in the Omnibus Pretrial Motion shown in attached exhibit 6, which Applicant asserts that such erroneous advice falls in the context of the guidelines set out in Missouri v. Frye 132 sct. 1399 (2012) new previous unabailable retroactive Supreme Court Law, surrounding erroneous advice.

Applicant moves this court, requesting that a De Novo Evidentiary Hearing be granted if not Applicant would like to put the court on notice of its intent to file a writ of Mandamus as set out in Singleton v. Johnson 178 F.3d. 381 (5th Cir. 1989) which alternatively, Petitioner argues that if there is no findings to which the presumption of correctness applies, the District Court should have conducted a De Novo Evidentiary Hearing. We agree. The Petitioner is entitled to a full and fair Evidentiary Hearing, on the issue of whether his attorney was aware of the Petitioner's desire to file an appeal and therefore had an obligation to do so. See Goodwin v. Johnson 132 F.3d. 162, 182 5th Cir. 1997) concluding that the Petitioner was entitled to an Evidentiary Hearing because the State did not afford him a full and fair Evidentiary Hearing on a disputed factual issue. There cannot even be the semblance of a full and fair hearing unless the State Court actually reached and decided the issues of fact tendered by the defendant citation omitted) noting that the habeas trial court is proposed findings did not survive the Court of Criminal Appeals' denial we stated in Micheaux v. Collins 911 F.2d. 1083, 1085 5th Cir. 1990) that in these circumstances it was proper for the Federal Court to conduct a hearing De Novo on the voluntariness of the Petitioner's guilty plea. Micheaux v. Collins 944 F.2d. at 232 (5th Cir. 1991). Hill v. Court of Appeals for Fifth Dist. 34 S.W.3d. 924 (Tex. Crim. App. 2001).

An act is ministerial "if it does not involve the exercise of any discretion:

(A) ministerial "act is one which is acccomplished without the exercise of discretion in judgment. If there is any descretion or judicial determination attendant to the act, it is not ministerial immature. None is a ministerial act implicated if the trial court must weigh convicting claims or collateral matters which require legal resolution.

Examples are helpful in making clear the distinction between ministerial and discretionary acts. Vacating an order is ministerial, as is forwarding the notice of appeal. Issuing or executing capiasafter mandate has issued is ministerial in nature. Last, consideration of a motion properly filed and befoe the court is ministerial. State ex-rel Curry v. Gray 720 S.W.2d. 125, 128 (Tex. Crim. App. 1987).

The court has also described the ministerial act requirement as a requirement that the relator have "a clear right to the relief sought." State ex-rel Wade v. Mays 689 S.W.2d. 945, 947 (Tex. Crim. App. 1985). Teh relief sought must be clear and indisputable "such that its merits are beyond dispute." Wade 689 S.W.2d. 897. Thus under the ministerial act/ clear legal right requirement, the law must clearly spell out the duty to be performed... with such certainty that nothing is left to the exercise of discretion or judgment. Id. at 899 quoting Texas Department of Corrections v. Dalehite 623 S.W.2d. 420, 424 (Tex. crim. App. 1981) quoting Forbes v. Houston 356 S.W.2d. 709 Tex. Civ. App. - Houston [1st Dist. 1962].

If denied Applicant once again would like to put the State Court on notice of if intent to see a writ of mandamus in light of In Re House 65 S.W.3d. 694 (Tex. App. - Amarillo 2001) which states: By convening a hearing and receiving evidence, the trial court effectively granted Petitioner a writ of Habeas Corpus and thus there accrued to Petitioner a right to appeal the trial court's refusal to release or discharge him from restraint, precluding him from thereafter seeking habeas relief in the Court of Appeals.

CONCLUSION

Applicant asserts that, said motion for De Novo reconsideration of his application Writ of Habeas Corpus contains supporting facts of a denial of a unbias trial, a right to trial by jury as well as have the jury assess his punishment, allegations of ineffective assistance of counsel seeking an out of time appeal under new previsou retroactive law set out in Martinez v. Ryan 132 Sct. 1309, (2012): and Trevino v. Thaler 133 Sct. 1911 (2013): which the T.C.C.A. in its Oct. 14, 2013 order failed to adhere to Applicant's complete denial of a fair and impartial trial, leaving Applicant's conviction to rest on a complete fundamental miscarriage of justice as set in Murray v. Carrier 477 U.S. 496, 91. L.Ed.2d. 397, 106 Sct. 2639 (1986).

Respectfully submitted

*Aaron. M. Reed*
Aaron Meachell Reed
TDCJ-ID #1009528
French Robertson Unit
12071 FM 3522
Abilene, Texas 79601

CERTIFICATE OF SERVICE

I, Aaron Meachell Reed, declare under the penalty of perjury that the foregoing statements within this instrument are true and correct.

Subscribed and sworn on the ____12-21____, 2015

*Aaron. M. Reed*
Aaron Meachell Reed
TDCJ-ID #1009528
French Robertson Unit
12071 FM 3522
Abilene, Texas 79601

EXHIBIT SHEET

No.

1 T.C.C.A. October 14, 2015 order.

2 The District Court's order designating issues.

3 The District Court's order requesting an affidavit from trial counsel Kenneth Chuks Onyenah.

4 Affidavit of trial counsel Kenneth chuks Onyenah.

5 The State Court's findings of fact and conclusion of law.

6 Omnibus pretrial motion.



# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-77,853-02

### EX PARTE AARON MEACHELL REED, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W00-00199-U IN THE 291st DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam.*

## ORDER

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to life imprisonment. The Fifth Court of Appeals affirmed his conviction. *Reed v. State*, No. 05-00-01726-CR (Tex. App.—Dallas October 12, 2001) (not designated for publication).

Applicant contends, *inter alia*, that he was deprived of an opportunity to file a petition for discretionary review (PDR) due to the ineffective assistance of his appellate counsel. Counsel has

| | | |
|---|---|---|
| **EX PARTE** | § | **IN THE 291ST JUDICIAL** |

EX PARTE § IN THE 291ST JUDICIAL
§
AARON MEACHELL REED, § DISTRICT COURT
Applicant §
§ DALLAS COUNTY, TEXAS

## ORDER DESIGNATING ISSUES

Having considered the Applicant's Application for Writ of Habeas Corpus and the State's Response thereto, the Court finds that the following controverted, previously unresolved facts material to the legality of the Applicant's confinement exist:

1) Did Applicant's trial counsel, Kenneth Onyenah, render ineffective assistance of counsel by failing to object to the court setting punishment, misinforming Applicant as to his eligibility for community supervision, advising Applicant not to take the State's plea bargain offer, and/or failing to provide a legal basis for his objections at trial?

2) Did Applicant's counsel on appeal, Renie McClellan, render ineffective assistance of counsel by failing to inform Applicant of the outcome of Applicant's appeal?

The Court finds that Applicant's grounds for relief concerning juror Jerry Medders and trial counsel's failure to challenge juror Jerry Medders for cause are without merit and recommends that those grounds be denied.

The Court further finds that Applicant's fifth ground for relief complaining of the trial court's admission of medical records was raised on direct appeal and rejected by the Court of Appeals. The Court therefore recommends that Applicant's fifth ground for relief be denied.

The Court appoints _____Clinton Broden_____ to resolve the issues and prepare findings of fact and conclusions of law for the court. The issues may be resolved by affidavits, depositions, interrogatories, or by hearings, as deemed

6/2/95

| | | |
|---|---|---|
| EX PARTE | ) | COURT OF CRIMINAL APPEALS |
| AARON MEACHELLE REED, | ) | OF TEXAS |
| | ) | |
| Applicant. | ) | 291st JUDICIAL DISTRICT COURT |
| | ) | DALLAS COUNTY, TEXAS |

## ORDER

The court, having considered the allegations contained in Applicant's Application for Writ of Habeas Corpus and his Supplemental Application in the above numbered and entitled cause, finds that evidence is necessary in order to resolve issues raised in the Applications.

ORDERED Applicant's trial attorney, Kenneth Chuks Onyenah,, shall submit an affidavit, **within thirty days of the date of this order**, addressing the following issues and attaching true and correct copies of any documentary evidence related to those issues:

(1) Why the Court was allowed to assess the punishment in Applicant's case after you had requested pretrial that the jury set the punishment;

(2) What, if any, discussions took place between you and the Applicant regarding whether the Court or the jury would assess his punishment; and

(3) What, if any, discussions took place between you and the Applicant and what, if any advice you gave the Applicant regarding the ability of the Court to impose a probationary sentence in this case.

FURTHER ORDERED Applicant's appellate attorney, Renie McClellan, shall submit an affidavit, **within thirty days of the date of this order**, addressing the following issue and attaching true and correct copies of any documentary evidence related to that issue:

When, if ever, and by what method, if any, she notified Aaron Meachelle Reed of the decision of the Dallas Court of Appeals on or about October 12, 2001 in *Reed v. State*, No. 05-00-01726.

FURTHER ORDERED the Clerk of the Court should send a copy of this order to Applicant

and the attorney for the state. The Clerk shall also send a copy of the order, certified mail, postage prepaid to:

Kenneth Chuks Onyenah
8585 N. Stemmons Freeway, Suite M25
Dallas, Texas 75247-3805

Renie McClellan
1250 W. Mickingbird Lane
Dallas, Texas 75248

Renie McClellan
P.O. Box 1989
Cedar Hill, Texas

SIGNED AND ENTERED THIS _____ day of July, 2013.

_____
JUDGE PRESIDING

2

| | | |
|---|---|---|
| EX PARTE | § | COURT OF CRIMINAL APPEALS |
| AARON MEACHELLE REED | | OF TEXAS |
| | § | |
| **Applicant,** | | |
| | § | 291ST JUDICIAL DISTRICT COURT |
| | | DALLAS COUNTY, TEXAS |

**AFFIDAVIT of KENNETH ONYENAH**

| | |
|---|---|
| STATE OF TEXAS | § |
| DALLAS COUNTY | |

**Kenneth Onyenah** appeared in person before me today and, stated under oath: I am above the age of eighteen years, and I am fully competent to make this affidavit in accordance with laws of State of Texas. The facts stated in this affidavit are within my personal knowledge and are true and correct.

"My name is Kenneth Onyenah, Attorney at Law. I represented Aaron Meachelle Reed at trial of this case in 2000.

The Court has ordered me to submit affidavit addressing the underlined issues;

1. Why the Court was allowed to assess the punishment in Applicant's case after you had requested pre-trial that the jury set the punishment.

2. What, if any, discussions took place between you and the Applicant regarding whether the Court or the jury would assess his punishment; and

3. What, if any, discussions took place between you and the Applicant and what, if any, advice you gave the Applicant regarding the ability of the Court to impose a probationary sentence in this case.

1

<u>Response to 1st issue</u>

It was Defendant's choice to have the Judge sentence him. After the jury returned a verdict the Judge asked if we were ready for sentence and Defendant opted for Judge to sentence him. I advised him we had filed an option for the jury to access punishment if they returned a guilty verdict. He desired to change that option and elected for the Judge to sentence him.

<u>Response to 2nd issue</u>

I cannot remember exactly what we discussed but I typically would advise clients that jury will have to return a unanimous verdict in the sentence phase and they may have differences in opinion as to punishment, however, with the Judge it is just one person.

<u>Response to 3rd issue</u>

I told Defendant that he was not eligible for probation because he had been convicted of a felony prior to this case that was a final conviction. I told him both the Judge and the jury cannot give him probation. The State made him offer of jail time and he rejected it against my advice."



_____
**Kenneth Onyenah**, Affiant

This Affidavit was signed under oath before me on ⟨8/24/2013⟩ by the affiant.

_____
Notary Public, State of Texas

MARIA D. MIRELES
MY COMMISSION EXPIRES
April 12, 2017

2

# WRIT NO. W00-00199-U(A)

| | | |
|---|---|---|
| EX PARTE | ) | COURT OF CRIMINAL APPEALS |
| AARON MEACHELLE REED, | ) | OF TEXAS |
| | ) | |
| Applicant. | ) | 291ˢᵗ DISTRICT COURT |
| | ) | DALLAS COUNTY, TEXAS |
| | ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW
## ON APPLICATION FOR WRIT OF HABEAS CORPUS

The Court, having considered the allegations contained in Applicant's Application for Writ of Habeas Corpus in the above numbered and entitled cause, makes the following Findings of Fact and Conclusions of Law:

## HISTORY OF THE CASE

Applicant was found guilty by a jury of aggravated robbery with a deadly weapon. The Court set his punishment at life imprisonment. Applicant's conviction and sentence were upheld on appeal. *Reed v. State*, 2001 WL 1205342 (Tex. App- Dallas, Oct 12, 2001). Pursuant to Tex. R. Crim. P. Art. 11.07 § 3(d), the Court has appointed F. Clinton Broden, Esq. to make findings of fact.

## ISSUES RAISED IN APPLICATION

Applicant raised five issues in his Application:

(1) Applicant claims Juror Medders should have been struck for cause.

(2) Applicant claims that his trial counsel was ineffective because he (a) failed to object to strike Juror Medders; (b) did not object to Applicant being sentenced by the trial judge despite having filed a pretrial motion requesting jury sentencing; (c) incorrectly told Applicant he was eligible for probation if convicted and recommend that Applicant not accept a two year imprisonment plea offer; and (d) failed to make evidentiary object with specificity during trial.

3) Applicant claims Appellate counsel was ineffective for failing to inform Applicant that his conviction was affirmed by the Court of Appeals so that he could file a Petition for Discretionary Review.

(4) Similar to Claim 2b, Applicant claims he was denied his right to jury sentencing.

(5) Applicant claims that the Trial Court erred by allowing the introduction of certain medical records.

This Court entered it Order Designating Issues identifying the following issues for resolution:

(1) Did Applicant's trial counsel, Kenneth Onyenah, render ineffective assistance of counsel by failing to object to the court setting punishment, misinforming Applicant as to his eligibility for community supervision, advising Applicant not to take the State's plea bargain offer, and/or failing to provide a legal basis for his objections at trial?

(2) Did Applicant's counsel on appeal, Rennie McClellan, render ineffective assistance of counsel by failing to inform Applicant of the outcome of Applicant's appeal?

In that same order, this Court concluded that Applicant's claims regarding Juror Medders were without merit and recommended that those claims be denied. Likewise, it found that Applicant's claim regarding the introduction of the medical records was raised on direct appeal and rejected by the Court of Appeals and, therefore, should also be denied.

## SPECIFIC FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Sentencing by Court Rather than Jury

1. Applicant alleges that he elected to be sentenced by a jury as reflected in his trial attorney's Omnibus Pretrial Motion.

2. Applicant's trial counsel, Kenneth Onyenah, filed an affidavit sating that Applicant changed his mind about wanting the jury to sentence him.[1]

---

[1]Onyenah claims this change of mind took place after the jury returned its verdict. Nevertheless, it was clear during voir dire that, if Applicant was convicted, he would be sentenced by the trial judge. *See* Trial Tr. at II:10 (Trial Court informed jury that after its finding on guilt-innocence its "responsibility in the case will come to an end.") Likewise, the jury venire was not questioned regarding the range of punishment in the case.

2

3. The Trial Court's case jacket reflects a notation "10-10-00 Jury Waiver 337/56." Nevertheless, no jury waiver was found in the clerk's record nor for minute entry 337/56.

4. In *Brezeale v. State*, 683 S.W.2d 446 (Tex. Crim. App.), the Court of Criminal Appeals held that in the absence of an affirmative showing that no waiver of jury trial was executed, a court's written recitation of a jury waiver by a defendant will be presumed to be correct.

5. Applicant did not object at any point when it became obvious during the voir dire that the Trial Court was operating under the presumption that jury sentencing had been waived. It is also unlikely that the trial judge would have endorsed the entry on the trial jacket that Applicant waived a jury as to sentencing unless Applicant did, in fact, waive a jury.

6. In light of *Brezeale* and Onyenah's affidavit, the Court recommends that the ground for relief (Grounds 2b and 4) alleging that he was deprived his right to be sentenced by a jury be **DENIED.**

## B. Plea Offer/Probation Eligibility

1. Applicant and his wife allege that Applicant's trial counsel informed him that he was eligible for probation and recommended that he reject a two year plea offer by the State.

2. Onyenah's affidavit alleges that he told Applicant that was not eligible for probation and that Applicant rejected the two year plea offer against his advice.

3. Prior to jury selection, the following colloquy took place

Mr. Onyenah: I discussed with you the arrangement *I made* with the D.A. to reduce your offense and give you two years on this case. You reject that. Would you tell the Court if you rejected that at your own volition?

The Defendant: Yes sir.

Mr. Onyenah: However, you at this time wish to – do you at this time wish to change your mind and accept two years that State has offered so this case is disposed of?

3

The Defendant: No sir.

Trial Tr. at II:7-8 (emphasis added).

4. Immediately thereafter, the Trial Court informed Applicant that he faced a minimum punishment of 25 years if convicted and it was shown he had "been to the penitentiary two times." The Trial Court then reaffirmed Applicant was rejecting the State's two year plea offer. *Id.* at II:8.

5. The Court credits Onyenah's affidavit. In light of the wording used at the pretrial hearing that Onyenah arranged for the two year plea offer, it would not appear that he would then recommend that Applicant reject this offer.

6. No sworn motion for probation was filed and Applicant was admonished as to minimum incarceration punishments by the Trial Court with no mention of probation ever being an option. This corroborates Onyenah's affidavit that Applicant was not told he was eligible for probation.

7. The Court recommends that this ground for relief (Ground 2c) be **DENIED**

## C. Failing to Object with Specificity

1. In the only example that Applicant gives to support his ground for relief on this ground, Applicant's trial counsel *did* state the basis of his objection: that State's Exhibit Number 3 constituted hearsay.

2. Applicant offers no other examples to support his claim, much less does he claim that a meritorious objection was forfeited because of his trial counsel's failure to object with more specificity. Courts will not consider conclusory allegations and such allegations will not support post-conviction relief. *See, e.g., Ex parte Martinez*, 195 S.W.3d 713 (Tex. Crim. App. 2006)

4

3. The Court recommends that this ground for relief (Ground 2d) be denied .[2]

## D. Failure to Inform Applicant of Court of Appeal's Decision

1. Applicant and his wife allege that Applicant's appellate counsel, Renie McClellan, failed to inform Applicant that his direct appeal was denied by the Dallas Court of Appeals.

2. McClellan filed an affidavit stating that she had no independent recollection of representing Mr. Reed although she had procedures in place for notifying clients regarding the disposition of their appeals. Nevertheless, McClellan admits that she is "unable to absolutely confirm" that she notified Applicant about the appellate decision.[3]

3. Given that Applicant's wife has filed a detailed affidavit explaining her futile attempts to contact McClellan and McClellan's lack of a specific memory regarding whether she informed Applicant of the denial of his direct appeal by the Dallas Court of Appeals, the Court recommends, out of an abundance of caution, that Applicant be **GRANTED** the opportunity to file an out of time Petition for Discretionary Review with the Court of Criminal Appeals from the denial of his appeal by the Dallas Court of Appeals.

## ORDERS OF THE COURT

In implementing the Court's Findings of Fact and Conclusions of Law, the Clerk will:

---

[2] The Court has considered Applicant's ineffective assistance of trial counsel claims both individually and cumulatively in making the recommendations herein.

[3] Give that the appellate decision occurred in 2001 and Applicant did not file his Application until 2012, McClellan's lack of memory is not surprising. Nevertheless, the State has not pleaded the affirmative defense of laches and, therefore, the Court considers the defense waived. *See, e.g., Ragsdale v. Ragsdale*, 520 S.W.2d 839, 844 (Tex. App.– Ft. Worth 1975) ("Laches is an affirmative defense which must be pleaded by the party asserting it."); *Smith v. Secretary of New Mexico Dept. of Corrections*, 50 F.3d 801, 821 n.30 (10th Cir. 1995) (Holding laches is an affirmative defense that must be asserted by the prosecution in post-conviction cases).

5

1. Prepare a transcript of all papers in this cause and transmit the Court's Findings and Order, including the judgment, sentence, indictment, docket sheets, **a copy of the court's file jacket and notations** and other exhibits and evidentiary matter filed in the trial records of this cause, to the Court of Criminal Appeals as provided by Article 11.07 of the Texas Code of Criminal Procedure.

2. Send a copy of these Findings of Fact and Conclusions of Law, and the Order thereon, to the Applicant and Counsel for the State by depositing same in the U.S. Mail.

SIGNED AND ENTERED THIS 29 day of OCT , 2013.

_Jennifer Bahdo_
JUDGE PRESIDING

6

CAUSE NO. F99-53515

THE STATE OF

§
§
§
§
§

IN THE 291ST CRIMINAL

DISTRICT COURT OF

DALLAS COUNTY, TEXAS

FILED

FEB 4 2000

JIM HAMLIN
DIST. CLERK DALLAS CO., TEXAS
DEPUTY

DUPLICATE

## OMNIBUS PRETRIAL MOTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the defendant in the above styled and numbered cause and files this his Omnibus Pretrial Motion, requesting and pleading the following:

I.

The defendant requests the disclosure of any and all exculpatory and/or mitigatory evidence or evidence favorable to the defendant in any way which the prosecution or any law enforcement agency may have in its possession or in its knowledge of or which it has a duty to inquire concerning this or this case. Brady v. Maryland, 373 U.S. 83 (1963), Ex Parte Adams, 768 S.W.2d 281 (Tex. Cr. App. 1989), and O'Rarden v. State, 777 S.W.2d 455.

II.

The defendant requests an identification hearing outside the presence of the jury.

III.

The defendant requests a sub rosa hearing prior to the introduction of any statements allegedly made by the defendant, either orally or in writing, to determine the voluntariness and admissibility of them, and requests disclosure of these statements prior to trial. Jackson v. Denno, 378 U.S. 368 (1964).

OMNIBUS PRETRIAL MOTION
D. WILLIS
PAGE 1

## IV.

The defendant requests the production and disclosure of all physical evidence or tangible items, objects, and matters not the work product of the State which are or may be relevant to the guilt or innocence or punishment of the accused, and which evidence will of may be offered by the state in the trial of this cause. Further, the defendant requests the State to produce, prior to trial, any laboratory report or expert opinions pertaining to any test conducted at the request of the State of any law enforcement agency on any physical or tangible evidence.

## V.

The defendant requests a list of witnesses who will be called by the State either in their case-in-chief or rebuttal at the guilt/innocence phase of the trial or the punishment phase. Highland v. State, 494 S.W.2d 186 (Tax. Cr. App. 1973).

## VI.

The defendant requests a hearing out of the presence of the jury before any evidence of extraneous transactions or evidence of other crimes, wrongs, or acts allegedly committed by the defendant or reputation testimony is offered by the State, and further requests notice thereof prior to trial pursuant to Rule 404(b), Texas Rules of Criminal Evidence.

## VII.

The defendant requests that a shuffle be made of the jury panel.

## VIII.

The defendant requests arraignment out of the presence of the jury.

OMNIBUS PRETRIAL MOTION
D. WILLIS
PAGE 2

## IX.

The defendant requests that a complete record be made of the trial, including voir dire, all testimony, bench conferences, and argument of counsel.

The defendant requests that the State make available to counsel any and all written statements made or adopted by a witness who testifies, and/or any statements used by a witness to refresh his memory as to the events involved in the trial, at such time as the State passes the witness for cross-examination.

## XI.

The defendant requests that counsel for the defendant be permitted to examine the testimony of each witness who testified before the Grand Jury at such time as they are passed for cross-examination, and to be advised, prior to trial, of the names of any persons who testified on regard to this case at the Grand Jury hearing. Dennis v. U.S. 855 (1996).

## XII.

The defendant requests a hearing outside the presence of the jury to determine the admissibility of any physical evidence recorded during the investigation of this case and which the District Attorney intends to offer as evidence herein, and would request that the Court suppress this evidence if the Court determines that the evidence was obtained in violation of the United States Constitution of Federal Law of the Constitution or laws of the State of Texas.

DUPLICATE

## XIII.

The defendant requests that the Court order the State to produce, prior to trial, all criminal records of witnesses that they intend to call to the stand in the trial of this case, and further, to determine and disclose any pending criminal charges that prospective witness may have. Further, the defendant requests that the State disclose to the defendant whether it has made, promised, or implied any promises, benefits, inducements to any prospective witness in order to induce or influence his testimony, and further to determine and disclose whether any such benefits or inducements have been made to any witness by any law enforcement agency or by any other individual, or whether any individual has coerced, forced, or threatened the witness in any way in order to procure the witnesses testimony.

## XIV.

The defendant requests notice of the State's intent to offer certified documents in evidence in the trial of this case, and requests disclosure of them prior to trial.

## XV.

In the event of conviction, the defendant elects to have the (~~Judge~~) JURY assess punishment.

WHEREFORE, PREMISES CONSIDERED, the Defendant prays that a hearing be held on this Motion and that the Court order the State to produce the requested items as designated above and permit the defendant to inspect, copy, photograph and conduct any necessary analytical tests on such items. The items are not privileged and are within the proper scope of discovery by the defendant.

OMNIBUS PRETRIAL MOTION
D. WILLIS
PAGE 4